Filed 8/29/25  P. v. Rodriguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ANTHONY MICHAEL RODRIGUEZ, Defendant and Appellant. | F088821 (Super. Ct. Nos. CR-24-000663, CR-23-001628) **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Maria Elena Ramos Ratliff, Judge.

Callie Lee Lindemann, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Fain, J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appointed counsel for appellant Anthony Michael Rodriguez asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the facts relating to this appeal.

Appellant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On January 16, 2024, appellant entered a hardware store with a black and yellow tote, placed numerous items (valued at approximately $1,600) into the tote, and placed the tote into a shopping cart. He left without paying for the items. An officer followed appellant from the parking lot, made contact at appellant's vehicle, and retrieved the stolen items as well as appellant's cellphone. Examination of appellant's cellphone revealed that he had texted someone to whom he owed $760 and obtained a list of tools that the individual would accept as payment of the debt.

The District Attorney of Stanislaus County filed a third amended information on September 17, 2024, charging appellant with organized retail theft exceeding $950 (Pen. Code,[1] § 490.4, subd. (a)(1); count 1), grand theft exceeding $950 (§ 487, subd. (a); count 2), and alleging various aggravating sentencing factors pursuant to the California Rules of Court. He pleaded not guilty and denied all allegations.

On September 18, 2024, a jury acquitted appellant of count 1 and convicted him of grand theft as charged in count 2. After a bench trial, the court found true the aggravating sentencing factors that appellant was on probation when the crime was completed (Cal.

---

[1]    Undesignated statutory references are to the Penal Code.

2.

Rules of Court, rule 4.421(b)(4)) and his prior performance on probation was unsatisfactory (Cal. Rules of Court, rule 4.421(b)(5)). The trial court also found by a preponderance of evidence that appellant violated the terms of his mandatory supervision in case No. CR-23-001628.

The trial court sentenced appellant on October 16, 2024, to the upper term of three years in prison and ordered appellant to serve 16 months in county jail and 20 months on mandatory supervision. (See § 1170, subd. (h)(5)(A), (B).) The court ordered appellant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended revocation restitution fine (§ 1202.44), a $41 theft fine (§ 1202.5), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court also sentenced appellant to a consecutive eight-month term in county jail in case No. CR-23-001628 and ordered him to pay $300 (§ 1202.44).

Appellant filed timely notices of appeal on October 18, 2024.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## **DISPOSITION**

The judgment is affirmed.

3.